**Law Office of Joseph L. Stark & Assoc. APC**
19197 Golden Valley Road
Suite 225
Santa Clarita CA 91387
T: (661) 799-1880
F: (661) 799-1881
John M. Bergerson - State Bar No. 125320
jmb@legalkix.com

Attorneys for: Defendant, HOUSING AUTHORITY OF THE CITY OF LOS ANGELES

UNITED STATES DISTRICT COURT

FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY EDWARD GRAY,<br><br>    Plaintiff,<br><br>        v.<br><br>HOUSING AUTHORITY OF THE CITY OF LOS ANGELES,<br><br>    Defendant. | Case number: 2:23cv05224DOC(KES)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS |

1.  **INTRODUCTION**

Plaintiff has filed a convoluted, confusing, lengthy complaint which focuses on many alleged wrongs by many different and diverse individuals and entities, none of which are parties to this action. This case is much to do about nothing as to this Defendant. Plaintiff does not make any factual allegations concerning the one named Defendant, the Housing Authority of the City of Los Angeles (Hereinafter "HACLA") other than to claim they failed to extend his EHV when requested. As seen from the attached Declaration of Aguilar this is not true. Each of

1  Mr. Gray's requests for extensions have been granted. His voucher is currently set
2  to expire 1/1/24. As such, he has suffered no harm as the result of any acts or
3  omission by HACLA. His Complaint thus fails to assert facts of any wrongdoing
4  by HACLA and should be dismissed.
5   Read with a generous interpretation, the Complaint asserts two causes of
6  action: (1) violation of 42 U.S.C. § 1983; and (2) violation of 42 U.S.C. § 1343. As
7  set forth below the Complaint is defective and this Motion to Dismiss should be
8  granted.

   2.   **FACTS**

10  Plaintiff was and is currently a participant in the Emergency Housing Voucher
11  Program (EHV) established by HUD to address the effects of the covid pandemic.
12  EHV assistance is Section 8 tenant-based assistance and is administered under the
13  Housing Choice Voucher (HCV) regulations at 24 CFR part 982. Tenant-based
14  assistance means that the rental assistance is provided on behalf of the family, who
15  is free to select an eligible unit on the rental market. If the unit is approved for
16  leasing by the PHA, the family enters into a lease with the owner. The PHA
17  executes a housing assistance payments (HAP) contract with the property owner.
18  The PHA makes monthly rental assistance payments directly to the owner, and the
19  family is responsible for paying their share of the rent directly to the owner. See
20  HUD FAQ
21  https://www.hud.gov/sites/dfiles/PIH/documents/EHV_USDA_Branded.pdf
22  Mr. Gray alleges a voucher was issued by HACLA on 6/2/22 which was to
23  expire on 6/3/23.  Mr. Gray had 12 full months to locate permanent housing and
24  utilize his voucher. He failed to do so.
25  On 5/18/23 HACLA plaintiff requested a 12 month extension on the EHV
26  voucher asserting a right to a "reasonable accommodation" for disability. The 12
27  month extension was deemed inappropriate based upon HACLA's published
28  policies. However, HACLA did consider the request for an extension.  HACLA

2

MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM

1  approved a 30 day extension which extended the voucher until 7/2/23 pending a
2  decision on the reasonable accommodation request.  HACLA will not issue a 12
3  month extension as requested by Mr. Gray pursuant to the HACLA Section 8
4  Administrative Plan (which is approved by HUD and which HACLA is required to
5  follow).
6      On 7/5/23 HACLA agreed, as a reasonable accommodation, to extend the
7  voucher. The new expiration date was 10/3/23. Mr. Gray then submitted another
8  request for extension which was also approved. His EHV is set to expire 1/1/24.
9  (See Aguilar's Declaration)
10     Plaintiff apparently filed this action only weeks before the first extension of
11 his EHV. As noted, the voucher was issued by HACLA. However, in reviewing the
12 Complaint, there are no allegations that HACLA is responsible for his failure to
13 secure permanent housing before his emergency voucher expires. He places blame
14 on the Los Angeles County Housing Services Authority, and its subordinate service
15 providers, the Salvation Army, People Assisting the Homeless and First to Serve.
16 (Complaint ¶III Sec. C) Plaintiff claims these entities ignored his medical issues,
17 stalled the process, lost his paperwork, submitted inaccurate information which
18 caused him to lose time locating permanent housing before his EHV expired. There
19 are no allegations or facts asserted concerning any actions by HACLA which
20 delayed his efforts to obtain permanent housing.
21     As such, the Plaintiff has failed to allege any facts to support his claims
22 against HACLA . As such the case should be dismissed.
23     3.    **STANDARD OF REVIEW**
24     A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for
25 the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc*., 349
26 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the
27 complaint. *Allarcom Pay Television, Ltd. v. Gen. Instrument Corp*., 69 F.3d 381,
28 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a

complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988). The court need not accept as true unreasonable inferences or legal conclusions cast in the form of factual allegations. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007).

However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The allegations in the Complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citation omitted). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'" Id. at 679. In the event dismissal is

warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. See *Sparling v. Daou*, 411 F.3d 1006, 1013 (9th Cir. 2005).

Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)" (citations omitted). Thus, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' ... A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); see also *Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)" (citations omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief," citing *Iqbal* and *Twombly*).

As the Ninth Circuit has explained: "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### 4. **PRO SE LITIGANTS MUST MEET THE MINIMUM THRESHOLD**

Despite greater liberality accorded to pro se pleadings they nonetheless "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States*, 66 F.3d 193, 199 (9th Cir. 1996); see also *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure")

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erikson*, 551 U.S at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, in giving liberal construction to a pro se civil rights complaint courts may not "supply essential elements of claims that were not initially pled." *Chapman v. Pier 1 Imports (U.S.) Inc*., 631 F.3d 939, 954 (9th Cir. 2011) (quoting *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.1992)). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (internal quotations omitted).

### 5. **A MOTION TO DISMISS IS A PROPER MEANS TO ADDRESS A COMPLAINT WHICH FAILS TO ALLEGE A CLAIM UPON WHICH RELIEF MAY BE GRANTED F.R.C.P. Rule 12(b)(6)**

The "allegations" as to HACLA in the Complaint consist of naming HACLA in the caption of the pleading, alleging that HACLA issued his EHV and then failed to grant extensions when Plaintiff was unable to secure permanent housing. (Complaint ¶III Sec. C, and attachment Sec C ¶1). There are no other allegations

concerning HACLA in the entire Complaint. As set forth in the Aguilar Declaration, HACLA has approved all the extensions requested by the Plaintiff.

Instead, Plaintiff places blame on the Los Angeles County Housing Services Authority (hereinafter "LAHSA"), and its subordinate service providers, the Salvation Army, People Assisting the Homeless and First to Serve. Plaintiff claims these entities ignored his medical issues, stalled the process, lost his paperwork, submitted inaccurate information and caused him to lose time locating permanent housing before his EHV expires.

Early in the Complaint, Plaintiff alleges he corresponded with LAHSA and HUD concerning his health challenges and "other issues". Complaint attachment C ¶ 1 through 4.

Paragraphs 6 through 8 refer to Plaintiff's efforts to obtain an extension to his EHV. He was denied a 12 month extension. Plaintiff notes that he needed the extension "to recapture the time lost due to the actions of the above-mentioned agencies" Complaint attachment Sec C ¶7. However, as noted, each of his requests for an extension have thus far been granted.[1]

The Complaint goes on for another 45 pages and 70 paragraphs devolving into a litany of supposed conspiracies designed to harm Plaintiff. These range from the bizarre to the sublime including purported conspiracy efforts by the owner of a professional basketball team to interfere with the Plaintiff's multi billion dollar development plans.

From these "facts", the Plaintiff purports to derive claims which, though all but unrecognizable, appear to be (in effect) an action against HACLA under 42 USC §1983 for Due Process, Procedural Due Process, Equal Protection. Again,

---

[1] Unaccountably, Plaintiff alleges he is apparently unaware of the extension though its imminent expiration seems the primary impetus for this lawsuit.

7

though not well pled, it appears that the civil rights action is premised upon an assumption that HACLA is liable to him for the wrong doings of other agencies and organizations which purportedly interfered with his search for permanent housing.

### 6. **PLAINTIFF HAS AGAIN FAILED TO STATE A VIABLE CLAIM FOR THE VIOLATION OF HIS RIGHT 1983 RIGHTS DUE TO ANY ALLEGED DUE PROCESS VIOLATIONS**

It is well-established that individuals receiving welfare have a property interest in continued receipt of benefits and the government must provide due process before terminating those benefits. See *Goldberg v. Kelly,* 397 U.S. 254 (1970). Likewise, participants in Section 8 housing voucher programs have a property interest in housing benefits protected by the Due Process Clause. See *Nozzi v. Hous. Auth. Of City of Los Angeles,* 425 F. *App'x* 539, 541 (9th Cir. 2011) (citing *Ressler v. Pierce*, 692 F.2d 1212, 1215 (9th Cir. 1982)). "Due process is flexible and calls for such procedural protections as the particular situation demands." *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976).

Plaintiff has not made any allegations of any due process violations. The Complaint is devoid of any allegations of how HACLA interfered with any due process rights. Plaintiff had notice of when his EHV would expire. He was notified each time it was extended and knew (or should have reasonably known) the new expiration date.

"To obtain relief on § 1983 claims based upon procedural due process, the plaintiff must establish the existence of (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process." *Guatay Christian Fellowship v. Cnty. of San Diego,* 670 F.3d 957, 983 (9th Cir. 2011) (citation and alterations omitted), cert. denied, 568 U.S. 940

(2012). Thus, "[t]he first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999); see also *Board of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property.") If a plaintiff is able to allege a protected property interest, the inquiry then becomes what process is due. Due process is a flexible doctrine that requires "such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). The Supreme Court has explained that determining the dictates of due process in a particular setting generally requires consideration of three factors:

> First the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Plaintiff fails to state a viable claim for violation of his right to due process. He asserts that only Defendants violated his right to procedural due process by denying an extension to his EHV,

7. **PLAINTIFF FAILS TO ALLEGE ANY GROUNDS FOR THE RELIEF SOUGHT**

Plaintiff fails adequately to plead that he was entitled to the relief that he sought from Defendant, or that Defendant had any obligation to provide such relief.

MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM

For example, Plaintiff claims that HACLA failed to provide him with a "reasonable accommodation".

### 8. **CONCLUSION**

In dismissing a complaint, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. See *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (citing *Lucas v. Dep't of Corporations*, 66 F.3d 245, 248 (9th Cir. 1995)). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996); see also *Felton v. Hoover*, 56 F.App'x 837, 840 (9th Cir. 2003).

Based upon the foregoing, it is respectfully requested that this court dismiss this action pursuant to FRCP Rule 12(b)(6). Alternatively, it is requested that the court order Plaintiff to file a more definite statement of the action against HOUSING AUTHORITY OF THE CITY OF LOS ANGELES.

DATED: October 4, 2023

JOSEPH L. STARK & ASSOC., APC

John M. Bergerson,
Attorneys for Defendant, HOUSING AUTHORITY OF THE CITY OF LOS ANGELES

PROOF OF SERVICE

1013A (3) CCP Revised 1/1/88

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action: my business address is 19197 Golden Valley Road, Suite 225, Santa Clarita, CA 91387

On October 4, 2023 , I served the foregoing document described as MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS  on THE INTERESTED PARTIES in this action
by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.
by placing      the original        a true copy thereof enclosed in sealed envelopes addressed as follows:

Gregory Edward Gray
3183 Wilshire Boulevard
Suite 196K26
Los Angeles, CA  90010
213.638.2039
gegcbg@outlook.com

X **BY EMAIL** to the email address(es) above

**BY MAIL**

I deposited such envelope in the mail at Santa Clarita, California.  The envelope was mailed with postage thereon fully prepaid.

I caused such envelope to be deposited in the mail at Santa Clarita, California.  The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.  Executed on , at Santa Clarita, California.

**BY PERSONAL SERVICE** I delivered such envelope by hand to the offices of the addressee.
Executed on , at Santa Clarita, California.

 (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

X (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

MARIA McKNIGHT                             _Maria McKnight_
TYPE OR PRINT NAME                                    SIGNATURE