UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:23-cv-05224-DOC-KES                                      Date: October 5, 2023

Title: Gregory Edward Gray v. Housing Authority of the City of Los Angeles

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **Order re Defendant's Motion to Dismiss (Dkt. 17)**

On October 4, 2023, Defendant Housing Authority of the City of Los Angeles ("HACLA") moved to dismiss Plaintiff's complaint for failure to allege facts sufficient to state a claim. (Dkt. 17-1 [the "Motion"].)  HACLA contends that while Plaintiff alleges HACLA failed to renew his emergency housing voucher ("EHV"), this is factually untrue.  According to HACLA, it has granted Plaintiff multiple extension request, and Plaintiff now has an EHV that will not expire until January 2024.

Plaintiff should choose one (and only one) of the following three alternatives to respond to the Motion:

(1) Plaintiff may file a written Opposition on or before **October 31, 2023**.  Defendant's Reply is due **seven (7) days** after any Opposition is docketed.

(2) Plaintiff may file a First Amended Complaint that attempts to remedy the pleading defects described in the Motion.  Plaintiff should refer to the attached "Tips for Writing Better Complaints" for help.  Plaintiff should focus on presenting facts about what HACLA did, or failed to do, that Plaintiff believes violated his rights under federal law and how he was injured as a result.  Any First Amended Complaint should not exceed 30 pages and should not discuss events unrelated to Plaintiff's legal claims against HACLA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:23-cv-05224-DOC-KES                                   Date: October 5, 2023
                                                                        Page 2

(3) Plaintiff may file a Notice of Voluntary Dismissal if he agrees that his dispute with HACLA has been resolved.  Such a voluntary dismissal would be without prejudice to Plaintiff filing a new lawsuit if new events were to prompt a similar, future dispute with HACLA.

Whichever alternative Plaintiff chooses, he must file his response on or before **October 31, 2023**.  In the initial Case Management Order (Dkt. 12), the Court provided information about how self-represented parties like Plaintiff can obtain free legal advice.  If Plaintiff is uncertain which alternative is best, he should refer to that order and contact the federal pro se clinic.  Failure to timely respond or request an extension based on "good cause" may cause the Court to dismiss the case for lack of prosecution.

The Court orders OFF CALENDAR the hearing noticed for November 6, 2023, to be re-scheduled before Magistrate Judge Scott if needed.

.

Initials of Deputy Clerk JD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:23-cv-05224-DOC-KES                    Date: October 5, 2023
                                                  Page 3

## TIPS FOR WRITING BETTER COMPLAINTS

**1.     Plead "Facts" Rather than Just "Conclusions or Labels."**

Your Complaint should include a label or conclusion that identifies your legal claim *and* the facts supporting it.  To make sure that you have both, you need to understand the difference between them. The following examples illustrate the difference:

| **Pleading Conclusions or Labels** | **Pleading Facts** |
|---|---|
| Officer Smith used excessive force. | Officer Smith punched me in the face while I was handcuffed. |
| Nurse Jones acted with deliberate indifference. | I saw Nurse Jones at the clinic.  I told her I was bleeding and she could see that I was bleeding, but she did nothing to help me until I passed out. |
| The Mayor violated my First Amendment rights. | When I posted a comment criticizing the Mayor's failure to enact police reforms, the Mayor deleted my comment and blocked me from posting future comments. |
| The officers conducted an unreasonable search. | The officers had a warrant to search for a stolen car, but they searched areas of my house where they knew they would not find a stolen car.  They searched all my kitchen cabinets and drawers. |
| Defendant injured me.  Defendant assaulted me. | Defendant kicked me in the shin, causing me to trip and break my wrist. |

Imagine that you hired a group of actors to reenact the wrongdoing that happened to you. If you only gave them the information in left-hand column, then they could not act out the scene. If you gave them the information in the right-hand column, then they would know how to act out the scene.  As a general rule, you should include enough facts in your Complaint that an actor reading it could act out what happened to you.

**2.     Identify Who Did What.**

One way to identify who did what is to avoid using "passive" verbs.  Consider these two sentences, the first of which uses a passive verb:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:23-cv-05224-DOC-KES									Date: October 5, 2023
											Page 4

I was hit by the ball.

My brother hit me with the ball.

The first sentence does not say who hit me.  The second sentence, however, reveals that my brother is the person who hit me.  Allegations in a complaint should be phrased like the second sentence.  If you do not know the name of the person who acted wrongfully, then you can refer to them as "Doe."  For example, you might refer to two unknown correctional officers as "CO Doe 1" and "CO Doe 2."

Another way to identify who did what is to use a particular Defendant's name rather than a group pronoun (like "they") or lumping all the Defendants together.  For example:

| **Unclear Who Did What** | **Clear Who Did What** |
|---|---|
| Defendants searched my cell and took my property. | CO Smith and CO Jones searched my cell.  When I came back, everything was out of place and my radio was gone.  I believe one of them took it. |
| They refused my request for Kosher meals. | I submitted a request for Kosher meals and was interviewed by the chaplain.  I later received a written denial of my request signed by Sgt. Smith. |
| I was denied necessary medical equipment. | I told Dr. Jones that my feet hurt and requested that she authorize orthotic inserts for my shoes, but she refused to do so. |