FILED

2023 DEC 21  PM 3: 50

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF
SANTA ANA

BY     DVE

Gregory Edward Gray
Pro Se
3183 Wilshire Boulevard
Ste. 196K26
Los Angeles, CA 90010
gegcbg@outlook.com

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Gregory Edward Gray

vs

Housing Authority of
The City of Los Angeles

Case No. 2:23-cv-05524-DOC-KES

MOTION FOR RELIEF FROM
ORDER OF VOLUNTARY
DISMISSAL WITHOUT
PREJUDICE AND
REQUEST TO REOPEN CASE
NO. 2:23-cv-05224-DOC-KES

**I. INTRODUCTION**

1.  COMES NOW, Plaintiff Gregory Edward Gray and hereby files this

Motion for Relief from Order of Voluntary Dismissal Without Prejudice and

Request to Reopen Case No. 2:23-cv-05224-DOC-KES.

1

Plaintiff Gregory Edward Gray is requesting that the Court reopen the aforementioned case pursuant to FLCP 60 (b), Subsections (1), (2) and (3): FLCP 60 (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); and (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party.

Plaintiff filed this case against the Housing Authority of The City of Los Angeles, *aka* HACLA.  Since the date Plaintiff filed and was granted a Voluntary Dismissal without Prejudice in this case, new events involving HACLA and Plaintiff's housing file, including Plaintiff's HACLA-issued Emergency Housing Voucher have emerged.

Plaintiff has attached a copy of an Ex Parte Emergency Motion for Temporary Restraining Order detailing the new offense(s) by HACLA involving its unauthorized communication with another agency, Weingart Center.  Plaintiff intends to file this Ex Parte Emergency Motion for TRO and requests that the Court grant the Ex Parte Emergency Motion for TRO as if filed today.

2

As the attached Ex Parte Motion details, Plaintiff has been subjected to the unauthorized disclosure by HACLA of his personal housing information, an act which violated HACLA's internal policy and applicable federal law governing HUD-funded programs and activities. HACLA is a recipient of HUD funding and its programs must follow HUD guidelines. The attached HUD/HACLA Authorization to Release Information form is required to be completed and signed by Plaintiff before HACLA can shared Plaintiff's housing information.  HACLA did not have a signed form before it disclosed Plaintiff's housing information, including that pertaining to his HACLA-issued Emergency Housing Voucher.

HACLA disclosed this information to another agency, Weingart Center. Plaintiff discovered the disclosed by virtue of an email from HACLA carbon copied to Weingart Center case management staff.

Weingart Center manages the Inside Safe Interim Housing Program of which Plaintiff is a client.  Weingart staff and administration have threatened Plaintiff with transfer to an assisted living facility/nursing home and have otherwise threatened Plaintiff with forced exit from his interim housing because Plaintiff is complying with his UCLA Health physicians' plan of care.  Weingart staff have failed to acknowledge Plaintiff's medical documentation. Weingart staff have also been documented as falsifying Plaintiff's medical and other pertinent information

3

in his housing file.

Plaintiff is 70 years of age, a post-stroke/heart patient with diabetes.  His health care is exclusively rendered by his primary care physician and team of specialists at UCLA Health.

There is nothing in Plaintiff's medical documentation to support transfer to an assisted living facility/nursing home.  There is nothing in Plaintiff's medical documentation to support a forced exit from his interim housing at the LA Grand. Both HACLA and Weingart Organization have been provided copies of Plaintiff's medical documentation.

Plaintiff has witnessed the cruelty of forced exit imposed upon other clients. On the evening of December 20, 2023, Plaintiff witnessed another client being forcibly exited from the interim housing site with his belongings on the sidewalk and in the pouring rain.  Plaintiff is also aware of at least one other senior citizen who was being coerced into signing a document against their will.

4

## RELIEF REQUESTED

Plaintiff respectfully requests that the Motion for Relief from Order of Voluntary Dismissal Without Prejudice and Request to Reopen Case No. 2:23-cv-05224-DOC-KES is granted.  Plaintiff also requests that the Court grant the attached Ex Parte Emergency Motion for TRO as if filed today.

Dated:  December 21, 2023

/s/ Gregory Edward Gray
Pro Se
3183 Wilshire Boulevard
Ste. 196K26
Los Angeles, CA 90010
(213) 638-2039
gegcbg@outlook.com

## CERTIFICATE OF SERVICE

The undersigned certifies that, on December 21, 2023, the foregoing Motion for Relief from Order of Voluntary Dismissal Without Prejudice and Request to Reopen Case No. 2:23-cv-05224-DOC-KES was filed in person with the Court. Counsel of record will be served by electronic mail on this same date as follows:

John Millian Bergerson
jmb@legalkix.com
bergiex@sbcglobal.net

/s/ Gregory Edward Gray

Gregory Edward Gray
Pro Se
3183 Wilshire Boulevard
Ste. 196K26
Los Angeles, CA 90010
(213) 638-2039
gegcbg@outlook.com

Gregory Edward Gray
Pro Se
3183 Wilshire Boulevard
Ste. 196K26
Los Angeles, CA 90010
gegcbg@outlook.com

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Gregory Edward Gray                          Case No._____

          vs

                              MEMORANDUM OF LAW IN
                              SUPPORT OF EX PARTE
                              APPLICATION FOR TEMPORARY
                              RESTRAINING ORDER

Housing Authority of
The City of Los Angeles,
Weingart Center

**I. INTRODUCTION**

1. COMES NOW, Plaintiff Gregory Edward Gray and hereby files this

Ex-Parte Emergency Motion for Temporary Restraining Order to prohibit

Weingart Center, an agency contracted by the federally-funded Los Angeles

Housing Services Authority (*aka* LAHSA) from forcing Plaintiff to enter an

assisted nursing facility or to otherwise threaten Plaintiff with exiting from his

interim housing because Plaintiff is complying with his UCLA Health physicians' plan of care.

Secondly, Plaintiff requests that the Court prohibit the Housing Authority of The City of Los Angeles, *aka* HACLA, from sharing information about his HACLA-issued Emergency Housing Voucher without Plaintiff's signature on a HUD/HACLA Authorization to Release Information form from Plaintiff.

2. Weingart Center receives funding from LAHSA, which works jointly with the City of Los Angeles and Los Angeles County.  LAHSA receives federal funding from the U.S. Department of Housing and Urban Development *aka* HUD for the Inside Safe Interim Housing Program. LASHA has contracted Weingart Center as a site management organization for the Inside Safe program.

3. The HUD issued guidelines governing the Inside Safe Program reference 24 CFR § 982.303(b)(2) of Title 24, Subtitle A, Part 8-Non-discrimination Based on Handicap in Federally Assisted Programs and Activities of the Department of Housing and Urban Development. The authorities listed are 29 U.S.C. 794; 42 U.S.C. 3535(d) and 5309.  The source noted is 53 FR 20233, June 2, 1988, unless otherwise noted.

4. This court has jurisdiction under 28 U.S.C. § 1331 AND U.S.C. § 1343. Federal question jurisdiction arises pursuant to 42 U.S.C. § 1983.

5. Weingart Center site manages the LA Grand Hotel, an interim housing facility that is part of the Inside Safe Interim Housing Program launched by the City of Los Angeles, California.

6. Plaintiff is enrolled in the Inside Safe Interim Housing Program at the LA Grand. Plaintiff has an active Emergency Housing Voucher issued by the Housing Authority for the City of Los Angeles *aka* HACLA.

7. Plaintiff's exclusive health care providers are members of UCLA Health. There is nothing in Plaintiff's medical record to support a transfer to an assisted nursing facility.

8. On or about September 7, 2023, Plaintiff learned that case management staff from Weingart Center had written inaccurate medical information in his housing file and disregarded the official medical documentation supplied by his primary care doctor and health specialists from UCLA Health.

9. On about September 20, 2023, Weingart administrative staff acknowledged the inaccurate information and told Plaintiff that it would be corrected. Although Plaintiff has requested multiple times that the inaccurate information be removed from his housing file, as of this filing, Plaintiff has not been provided a corrected copy.

10.   On or about November 30, 2023, Plaintiff learned for the second time that case management staff from Weingart Center had written inaccurate information in his housing file.  At the same time, Plaintiff learned from the Housing Authority of the City of Los Angeles that its staff had disclosed Plaintiff's personal housing information to Weingart Center case management staff without a signed HUD/HACLA Authorization to Release Information form from Plaintiff. Weingart Center case management staff misrepresented to HACLA that it had permission to speak with HACLA on Plaintiff's behalf.  Weingart Center has no such permission from Plaintiff because Plaintiff never signed a HUD/HACLA Authorization to Release Information form.

11.   <u>Plaintiff previously filed Case 2:23-cv-5224 DOC (KES) related to Plaintiff's housing which was transferred to the Court of Judge David O. Carter by Order of Transfer on September 19, 2023.</u>

## II. STATEMENT OF FACTS

Gregory Edward Gray is a resident of Los Angeles, California, currently enrolled in the Inside Safe Program launched by the City of Los Angeles. Mr. Gray is a post-stroke/heart patient and diabetic under the care of physicians at UCLA Health.

Mr. Gray has a valid Emergency Housing Voucher issued by HACLA and he provides HACLA with updated medical documentation from his physician(s) at UCLA Health.  The most recent update was submitted to HACLA on or about December 18, 2023.  Mr. Gray has provided similar medical documentation to Weingart Center, the most recent of which was also submitted on or about December 18, 2023.

Weingart Center case management staff and administration have: 1) ignored Mr. Gray's documented disabilities and medical challenges that must be addressed in order for Mr. Gray to be successful in securing permanent housing that meets Mr. Gray's needs; 2) disregarded the medical documentation that Mr. Gray has provided for his housing file and, instead, have engaged in recording inaccurate medical information and other information in Mr. Gray's housing file; 3) threatened Mr. Gray with transfer to an assisted living facility/nursing home despite there being no medical documentation from Mr. Gray's UCLA Health physicians and specialists to support such a transfer; and 4) have engaged in threatening Mr. Gray with exit from the Inside Safe Interim Housing Program because Mr. Gray will not violate his UCLA Health physicians' and specialists' recommendation that are in place to protect his health.

The Department of Housing and Urban Development, also known as HUD, is the funding arm for the Inside Safe Interim Housing Program launched by the City of Los Angeles. The City of Los Angeles and Los Angeles County are working partners with the Los Angeles Housing Services Authority, *aka* LAHSA. Weingart Center is contracted by LAHSA as a site management organization for the LA Grand.

Mr. Gray has corresponded with all necessary parties to alert each to his documented disabilities and medical challenges and to attempt to resolve issues that directly impact his success in securing permanent housing.  Mr. Gray has provided this documentation to Weingart Center case management staff and administration.  The UCLA Health documentation provided to Weingart Center provides details regarding Mr. Gray's health challenges as a post-stroke/heart patient and diabetic along with his need for permanent housing that is in accordance with his plan of care. The documentation also supports Mr. Gray's need to abide by his health care team's medical advice in all areas of his health concerns.

Mr. Gray's most recent UCLA Health physician's letter, dated December 13, 2023, was provided to Weingart Center and reads: ***"There is nothing in Mr. Gray's medical record to support his transfer to an assisted nursing facility. No physician letters have been generated by either me, Dr. Flowers, Dr. Sue or Dr.***

*Askarinam to support this recommendation. This letter is to inform of Mr. Gray's current medical condition written by his primary care provider, and any other report of his medical condition by another person who is not a physician should not be used against Mr. Gray's housing placement. He currently has multiple medical problems which includes vertigo, hypercholesterolemia, hypertension, insulin-dependent diabetes, a history of multiple strokes with residual left sided weakness, foot drop requiring a walker and memory problems. Despite his stressful housing situation, he has been making great progress to his diabetes level with his diligence. His last clinic visit was 12/13/23 and at that time he was still in interim housing. Given the complexity of his medical problems, his disabilities (memory, ambulation), and diabetes care requirements (insulin which requires personal fridge), housing to facilitate his care, to prevent adverse outcomes (recurrent stroke, heart attack, or demise) and hospitalizations, appropriate housing is essential for Mr. Gray and his caretakers. Any other documentation generated outside of UCLA Health does not represent patient's current medical condition and I kindly ask that you reach out to our clinic to verify Mr. Gray's current medical condition."*

On or about July 19, 2023, Mr. Gray requested a copy of his housing file from Weingart case management staff.  Mr. Gray received the file on or about September 7, 2023.

After reviewing the file, Mr. Gray informed Weingart case management staff that there was incorrect medical information contained in his housing file.  Mr. Gray requested that the corrections be made.  Instead, Weingart case management staff sent Mr. Gray the same file with the same incorrect information.

On or about September 20, 2023, Mr. Gray wrote to Weingart Center administration requesting a corrected copy of his housing file to which an administrative staff member responded: **"We will make sure the notes are corrected to accurately report information provided. We apologize for any inconvenience this may have caused you. We look forward to resolving this matter as quickly as possible."**  Despite Mr. Gray's multiple inquiries, as of this writing, he has not received an updated, corrected copy of his housing file.

As a HUD funded project, The Inside Safe Program is governed by 24 CFR § 982.303(b)(2) of Title 24, Subtitle A, Part 8-Non-discrimination Based on Handicap in Federally Assisted Programs and Activities of the Department of Housing and Urban Development. The Authorities listed are 29 U.S.C. 794; 42 U.S.C. 3535(d) and 5309.  The Source noted is 53 FR 20233, June 2, 1988, unless otherwise noted.

Weingart Center's failure to acknowledge the medical documentation provided by Mr. Gray's physicians at UCLA Health will do irreparable harm to Mr. Gray as is noted in the documentation those physicians have provided.

Weingart Center's threat to send Mr. Gray to an assisted living facility/nursing home will also do irreparable harm to him as such a transfer is not medically supported by any of his physicians at UCLA Health.

Mr. Gray is further harmed by HACLA'S failure to abide by its own internal guidelines to secure a signed HUD/HACLA Authorization to Release Information form from Mr. Gray.  Mr. Gray's is also harmed by Weingart Center representing to HACLA that it had Mr. Gray's permission to speak on his behalf when it did not.

According to the HUD-issued rules and applicable federal laws, Weingart Center, cannot discriminate against Mr. Gray because of his disabilities and his need to adhere to his UCLA Health physicians' medically documented plan of care.  That plan of care does not support Mr. Gray's transfer to an assisted living facility/nursing home such as Weingart Center staff and administration have threatened to do or to otherwise exit Mr. Gray from the Inside Safe Interim Housing Program while he works to secure permanent housing that best addresses his needs. Mr. Gray has responsibly provided Weingart Center staff and administration, through his physicians, documentation of his disabilities and medical challenges.

**RELIEF**

Plaintiff respectfully requests the Court to prohibit Weingart Center from threatening Plaintiff with transfer to an assisted living facility/nursing home or to otherwise threaten Plaintiff with exiting from his interim housing because Plaintiff is complying with his UCLA Health physicians' plan of care.

Plaintiff also requests that the Court prohibit the Housing Authority of The City of Los Angeles, *aka* HACLA, from sharing information about his HACLA-issued Emergency Housing Voucher and his housing file without Plaintiff's signature on a HUD/HACLA Authorization to Release Information form.

Dated:  December 21, 2023

/s/ Gregory Edward Gray
Pro Se
3183 Wilshire Boulevard
Ste. 196K26
Los Angeles, CA 90010
(213) 638-2039
gegcbg@outlook.com

Name: Gregory Gray | DOB: 8/5/1953 | MRN: ▮▮▮▮ | PCP: Esther S. Yu, DO | Legal Name: Gregory Gray

# Letter Details

 **UCLA** Health

**UCLA Health Downtown Los Angeles Primary Care**
700 W 7TH ST
SUITE S270
LOS ANGELES CA 90017
Phone: 213-988-8380
Fax: 213-988-8390

December 13, 2023

Gregory Gray
3183 Wilshire Ste196 K26
Los Angeles CA 90010

To Whom It May Concern:

Mr. Gray has reported to me that on December 11, 2023, Mr. Kevin Simms, Senior
Director of Programs and Services for Weingart Organization, wrote to Mr. Gray as
follows:

*"…Mr Gray you'll need to reach out to your case manager located at the LA Grand in
person, phone or email. If your medical needs are such that you are unable to do that,
we can have the case managers put in for a higher level of care and get you into a
skilled nursing facility if you need…"*

There is nothing in Mr. Gray's medical record to support his transfer to an assisted
nursing facility. No physician letters have been generated by either me, Dr. Flowers,
Dr. Sue or Dr. Askarinam to support this recommendation.

This letter is to inform of Mr. Gray's current medical condition written by his primary
care provider, and any other report of his medical condition by another person who is
not a physician should not be used against Mr. Gray's housing placement.
He currently has multiple medical problems which includes vertigo,
hypercholesterolemia, hypertension, insulin-dependent diabetes, a history of multiple
strokes with residual left sided weakness, foot drop requiring a walker and memory
problems. Despite his stressful housing situation, he has been making great progress
to his diabetes level with his diligence. His last clinic visit was 12/13/23 and at that
time he was still in interim housing. Given the complexity of his medical problems, his
disabilities (memory, ambulation), and diabetes care requirements (insulin which
requires personal fridge), housing to facilitate his care,
to prevent adverse outcomes (recurrent stroke, heart attack, or demise) and
hospitalizations, appropriate housing is essential for Mr. Gray and his caretakers.
Any other documentation generated outside of UCLA Health does not represent
patient's current medical condition and I kindly ask that you reach out to our clinic to

verify Mr. Gray's current medical condition.


If you have any questions or concerns, please don't hesitate to call.

Sincerely,


Esther S. Yu, DO

CC:

No Recipients

RE: Gray, Gregory -- CSN#: 90192656609                                    Page 1 of 1


*This letter was initially viewed by Gregory Gray at 12/13/2023 4:06 PM.*


MyChart® licensed from Epic Systems Corporation © 1999 - 2023

Name: Gregory Gray | DOB: 8/5/1953 | MRN: ▉▉▉▉ | PCP: Esther S. Yu, DO | Legal Name: Gregory Gray

# Letter Details

 **Health**

**UCLA Health Downtown Los Angeles Primary Care**
700 W 7TH ST
SUITE S270
LOS ANGELES CA 90017
Phone: 213-988-8380
Fax: 213-988-8390

December 8, 2023

Gregory Gray
3183 Wilshire Ste196 K26
Los Angeles CA 90010

Dear whom this letter may concern,

Mr. Gray has been under our care since 3/23/2022.

There has been report by Mr.Gray that the caseworker, Ms.LaTosha Smart has been falsifying his medical records for his housing. This letter is to inform current Mr.Gray's medical condition written by his primary care provider, and any other report of his medical condition by another person who is not a physician should not be used against Mr.Gray's housing placement.

He currently has multiple medical problems which includes vertigo, hypercholesterolemia, hypertension, insulin- dependent diabetes, a history of multiple strokes with residual left sided weakness , foot drop requiring a walker and memory problems. Despite his stressful housing situation he has been making great progress to his diabetes level with his diligence. His last clinic visit was 12/5/23 and at that time he was still in interim housing. Given the complexity of his medical problems, his disabilities (memory, ambulation), and diabetes care requirements (insulin which requires personal fridge), housing to facilitate his care, to prevent adverse outcomes (recurrent stroke, heart attack, or demise) and hospitalizations, appropriate housing is essential for Mr. Gray and his caretakers.

Any other documentation generated outside of UCLA Health does not represent patient's current medical condition and I kindly ask that you reach out to our clinic to verify Mr.Gray's current medical condition.

If you have any questions or concerns, please don't hesitate to call.

Sincerely,

myUCLAhealth - Letters

Esther S. Yu, DO

CC:

No Recipients

RE: Gray, Gregory -- CSN#: 90192228657                    Page 1 of 1

*This letter was initially viewed by Gregory Gray at 12/8/2023 7:58 PM.*

MyChart® licensed from Epic Systems Corporation © 1999 - 2023

Name: Gregory Gray | DOB: 8/5/1953 | MRN: XXXXXX | PCP: Esther S. Yu, DO | Legal Name: Gregory Gray

# Letter Details

 **Health**

**UCLA Health Downtown Los Angeles Primary Care**
700 W 7TH ST
SUITE S270
LOS ANGELES CA 90017
Phone: 213-988-8380
Fax: 213-988-8390

October 6, 2023

Gregory Gray
3183 Wilshire Ste196 K26
Los Angeles CA 90010

To whom this letter may concern,

Mr. Gray has been under our care since 3/23/2022
He currently has multiple medical problems which includes vertigo, hypercholesterolemia, hypertension, insulin- dependent diabetes, a history of multiple strokes with residual left sided weakness , foot drop requiring a walker and memory problems. His last clinic visit was 10/6/23 and at that time he was still in interim housing. Given the complexity of his medical problems, his disabilities (memory, ambulation), and diabetes care requirements (insulin which requires personal fridge), housing to facilitate his care, to prevent adverse outcomes (recurrent stroke, heart attack, or demise) and hospitalizations, appropriate housing is essential for Mr. Gray and his caretakers.

However despite multiple letters generated by our clinic and help from different medical specialists such as endocrinologist, the letters have been disregarded and he has not been able to establish permanent housing at this time. The delay in his permanent housing is resulting in great amount of stressors that interfere with optimizing his healthcare.

The reason for delay was found to be due to case worker, Theresa Matheson not (being) able to correctly represent pt's medical history. Please note that she is not a medical doctor and her letter does not represent my patient's medical condition at this time. Thus if you have any questions regarding his medical condition it should be directed to our office and not Ms.Theresa Matheson.

Mr. Gray has shared with me a copy of an email addressed to him from Ms.

Monica Quezada, Senior Director, Programs and Services, Weingart Center dated 9/20/23. The email says, *"We will make sure the notes are corrected to accurately report information provided. We apologize for any inconvenience this may have caused you. We look forward to resolving this matter as quickly as possible."* The email is carbon-copied to Ms. Theresa Matheson and Ms. Sheryl Ysaguirre, both of Weingart Center. Mr. Gray has shared with me that, to date, he has not received the corrected notes promised by Ms. Quezada.

If you have any questions or concerns, please don't hesitate to call.

Sincerely,
Esther S. Yu, DO


CC:

No Recipients

RE: Gray, Gregory -- CSN#: 90187252645                                    Page 1 of 1



*This letter was initially viewed by Gregory Gray at 10/6/2023 1:34 PM.*


MyChart® licensed from Epic Systems Corporation © 1999 - 2023

Name: Gregory Gray | DOB: 8/5/1953 | MRN: XXX3XX | PCP: Esther S. Yu, DO | Legal Name: Gregory Gray

# Letter Details



**UCLA Health Downtown Los Angeles Primary Care**
700 W 7TH ST
SUITE S270
LOS ANGELES CA 90017
Phone: 213-988-8380
Fax: 213-988-8390

September 29, 2023

Gregory Gray
3183 Wilshire Ste196 K26
Los Angeles CA 90010

Dear Monica Quezada
Sr. Director, Programs and Services
Weingart Organization

Mr. Gray has been under our care since 3/23/2022.

He currently has multiple medical problems which includes vertigo,
hypercholesterolemia, hypertension, insulin- dependent diabetes, a history of multiple
strokes with residual left sided weakness , foot drop requiring a walker and memory
problems. His last clinic visit was 9/29/2023 and at that time he was still in interim
housing. Given the complexity of his medical problems, his disabilities (memory,
ambulation), and diabetes care requirements (insulin which requires personal fridge),
housing to facilitate his care, to prevent adverse outcomes (recurrent stroke, heart
attack, or demise) and hospitalizations, appropriate housing is essential for Mr. Gray
and his caretakers.

If you have any questions or concerns, please don't hesitate to call.

Sincerely,

Esther S. Yu, DO

CC:

No Recipients

RE: Gray, Gregory -- CSN#: 90186745563                                Page 1 of 1

*This letter was initially viewed by Gregory Gray at 10/1/2023 7:59 PM.*

MyChart® licensed from Epic Systems Corporation © 1999 - 2023

Name: Gregory Gray | DOB: 8/5/1953 | MRN: XXX53X | PCP: Esther S. Yu, DO | Legal Name: Gregory Gray

# Letter Details



**UCLA Health Downtown Los Angeles Primary Care**
700 W 7TH ST
SUITE S270
LOS ANGELES CA 90017
Phone: 213-988-8380
Fax: 213-988-8390

September 8, 2023

Gregory Gray
3183 Wilshire Ste196 K26
Los Angeles CA 90010

Dear whom this letter may concern regarding Gregory Gray:

He currently has multiple medical problems which includes vertigo, hypercholesterolemia, hypertension, insulin- dependent diabetes, a history of multiple strokes with residual left sided weakness , foot drop requiring a walker and memory problems. His last clinic visit was 8/15/2023 and at that time he was still in interim housing. Given the complexity of his medical problems, his disabilities (memory, ambulation), and diabetes care requirements (insulin which requires personal fridge), housing to facilitate his care, to prevent adverse outcomes (recurrent stroke, heart attack, or demise) and hospitalizations, appropriate housing is essential for Mr. Gray and his caretakers.

However despite multiple letters generated by our clinic and help from different medical specialist such as endocrinologist, letter has been disregarded and he has not been able to establish permanent housing at this time. The delay in his permanent housing is resulting in great amount of stressors that interfere with optimizing his healthcare.

The reason for delay was found to be due to case worker,Teresa Matheson was unable to incorrectly represent pt's medical history. Please note that she is not a medical doctor and her letter does not represent my patient's medical condition at this time

If you have any questions or concerns, please don't hesitate to call.

Sincerely,

Esther S. Yu, DO

CC:

No Recipients

RE: Gray, Gregory -- CSN#: 90185030578                                         Page 1 of 1

*This letter was initially viewed by Gregory Gray at 9/17/2023 12:09 PM.*

MyChart® licensed from Epic Systems Corporation © 1999 - 2023

10/11/23, 12:27 AM                                    myUCLAhealth - Letters

Name: Gregory Gray | DOB: 8/5/1953 | MRN: 6707531 | PCP: Esther S. Yu, DO | Legal Name: Gregory Gray

# Letter Details



**UCLA Health Downtown Los Angeles Primary Care**
700 W 7TH ST
SUITE S270
LOS ANGELES CA 90017
Phone: 213-988-8380
Fax: 213-988-8390

July 10, 2023

Patient:        **Gregory Gray**
Date of Birth: **8/5/1953**
Date of Visit: **7/10/2023**

To Whom It May Concern:

It is my understand that Mr.Gray is scheduled for a meeting this AM on 7/10/2023. It is
my medical opinion that he will have difficulty attending this meeting due to his
personal physical/mental condition. Please allow Mr. Gray to attend the meeting when
he is physically and mentally ready.

Mr. Gray has been under our care since 3/23/2022.

He currently has multiple medical problems which includes vertigo,
hypercholesterolemia, hypertension, insulin- dependent diabetes, a history of multiple
strokes with residual left sided weakness , foot drop requiring a walker and memory
problems. His last clinic visit was 7/10/2023. Given the complexity of his medical
problems, his disabilities (memory, ambulation), and diabetes care requirements
(insulin which requires personal fridge), housing to facilitate his care, to prevent
adverse outcomes (recurrent stroke, heart attack, or demise) and hospitalizations,
appropriate time frame is essential for Mr. Gray and his caretakers to prepare for the
metting.

If you have any questions or concerns, please don't hesitate to call.

Sincerely,

Esther S. Yu, DO

RE: Gray, Gregory -- CSN#: 90180214335                                    Page 1 of 1

OMB Control # 2502-0581
Exp. (02/28/2019)

Supplemental and Optional Contact Information for HUD-Assisted Housing Applicants

## SUPPLEMENT TO APPLICATION FOR FEDERALLY ASSISTED HOUSING
This form is to be provided to each applicant for federally assisted housing

**Instructions: Optional Contact Person or Organization**: You have the right by law to include as part of your application for housing, the name, address, telephone number, and other relevant information of a family member, friend, or social, health, advocacy, or other organization. This contact information is for the purpose of identifying a person or organization that may be able to help in resolving any issues that may arise during your tenancy or to assist in providing any special care or services you may require. **You may update, remove, or change the information you provide on this form at any time.** You are not required to provide this contact information, but if you choose to do so, please include the relevant information on this form.

| | |
|---|---|
| **Applicant Name:** | |
| **Mailing Address:** | |
| **Telephone No:** | **Cell Phone No:** |
| **Name of Additional Contact Person or Organization:** | |
| **Address:** | |
| **Telephone No:** | **Cell Phone No:** |
| **E-Mail Address (if applicable):** | |
| **Relationship to Applicant:** | |

**Reason for Contact:** (Check all that apply)

☐ Emergency
☐ Unable to contact you
☐ Termination of rental assistance
☐ Eviction from unit
☐ Late payment of rent

☐ Assist with Recertification Process
☐ Change in lease terms
☐ Change in house rules
☐ Other: _____

**Commitment of Housing Authority or Owner:** If you are approved for housing, this information will be kept as part of your tenant file. If issues arise during your tenancy or if you require any services or special care, we may contact the person or organization you listed to assist in resolving the issues or in providing any services or special care to you.

**Confidentiality Statement:** The information provided on this form is confidential and will not be disclosed to anyone except as permitted by the applicant or applicable law.

**Legal Notification:** Section 644 of the Housing and Community Development Act of 1992 (Public Law 102-550, approved October 28, 1992) requires each applicant for federally assisted housing to be offered the option of providing information regarding an additional contact person or organization. By accepting the applicant's application, the housing provider agrees to comply with the non-discrimination and equal opportunity requirements of 24 CFR section 5.105, including the prohibitions on discrimination in admission to or participation in federally assisted housing programs on the basis of race, color, religion, national origin, sex, disability, and familial status under the Fair Housing Act, and the prohibition on age discrimination under the Age Discrimination Act of 1975.

☐ Check this box if you choose not to provide the contact information.

| | |
|---|---|
| | |
| **Signature of Applicant** | **Date** |

The information collection requirements contained in this form were submitted to the Office of Management and Budget (OMB) under the Paperwork Reduction Act of 1995 (44 U.S.C. 3501-3520). The public reporting burden is estimated at 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Section 644 of the Housing and Community Development Act of 1992 (42 U.S.C. 13604) imposed on HUD the obligation to require housing providers participating in HUD's assisted housing programs to provide any individual or family applying for occupancy in HUD-assisted housing with the option to include in the application for occupancy the name, address, telephone number, and other relevant information of a family member, friend, or person associated with a social, health, advocacy, or similar organization. The objective of providing such information is to facilitate contact by the housing provider with the person or organization identified by the tenant to assist in providing any delivery of services or special care to the tenant and assist with resolving any tenancy issues arising during the tenancy of such tenant. This supplemental application information is to be maintained by the housing provider and maintained as confidential information. Providing the information is basic to the operations of the HUD Assisted-Housing Program and is voluntary. It supports statutory requirements and program and management controls that prevent fraud, waste and mismanagement. In accordance with the Paperwork Reduction Act, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information, unless the collection displays a currently valid OMB control number.

**Privacy Statement:** Public Law 102-550, authorizes the Department of Housing and Urban Development (HUD) to collect all the information (except the Social Security Number (SSN)) which will be used by HUD to protect disbursement data from fraudulent actions.

Form HUD- 92006 (05/09)

# Housing Authority
## Authorization to Release Information

EID#:_____

I authorize the Housing Authority to release any requested information, to provide copies of any documents contained in my file, and to discuss any topic relevant to my application for or participation in a Housing Authority assisted program with the following and their agents or employees:

☐ Legal Aid Foundation or Neighborhood Legal Services

   Attorney's Name: _____

☐ My congressperson or local elected representative

   Representative's Name: _____

☐ My case manager from an agency providing supportive services

   Name of Agency: _____

☐ Other (please name): _____

Client's Name: _____

Signature: _____ Date: _____

Releasing Information to the Media:

The Housing Authority does not release information to the media (television, radio, newspapers, etc.) except as authorized by its Community Relations Division. This form cannot be used to authorize release of any information to the media other than a specific media ombudsperson indicated above.

## Re: Notice of Active Voucher

Valerie Gonzalez <Valerie.Gonzalez@hacla.org>

Thu 11/30/2023 1:27 PM

To:Gregory Edward Gray <gegcbg@outlook.com>

Good afternoon Mr. Gray,

I have noted your request for further communication with any providers you are connected to. I have also removed Ms. Smart from any further emails.

Please read initial email sent in regards to your Emergency Housing Voucher along with the Housing Resources made available to you. Should you wish to utilize **Transystems** to assist you with your Housing Search, please provide an up to date contact number that we can connect them to.

Kind regards,



**Valerie Gonzalez** | Housing Specialist

e: valerie.gonzalez@hacla.org

p: 833-422-5248

**Housing Authority of the City of Los Angeles**

**Section 8 Department**

2600 Wilshire Blvd, 1st Floor

Los Angeles, CA 90057

w: hacla.org

**From:** Gregory Edward Gray <gegcbg@outlook.com>

**Sent:** Thursday, November 30, 2023 12:48 PM

**To:** Valerie Gonzalez <Valerie.Gonzalez@hacla.org>

**Cc:** latoshas@weingart.org <latoshas@weingart.org>

**Subject:** Re: Notice of Active Voucher

11/30/23

Dear Ms. Gonzalez:

_**Please be advised that I have not provided any written authorization to anyone to communicate with HACLA on my behalf concerning my Emergency Housing Voucher.**_   This includes Ms. LaTosha Smart of Weingart whose email to you makes clear that there has been some communication to date and without my knowledge.

Accordingly, and as is my legal right,  I will require that you respect these guidelines.

Sincerely,

Gregory Edward Gray

12/17/23, 3:08 PM                   Mail - Gregory Edward Gray - Outlook

## RE: FOLLOW UP RE HMIS REPORTING ERRORS NEW PHYSICIAN LETTER ET AL

Monica Quezada <monicaq@weingart.org>
Wed 9/20/2023 9:51 PM
To:Gregory Edward Gray <gegcbg@outlook.com>
Cc:Sheryl Ysaquirre <sheryly@weingart.org>;Theresa Matheson <TheresaM@weingart.org>

Good Evening Mr. Gray,

We will make sure the notes are corrected to accurately report information provided. We apologize for any inconvenience this may have caused you. We look forward to resolving this matter as quickly as possible.

Have a great evening.

Best,

**Monica Quezada**
Sr. Director, Programs and Services



**566 San Pedro St, Los Angeles, CA 90013**
office: 213.689.2121 • cell: 213.548.8452
monicaq@weingart.org
**weingart.org**



**Please consider the environment before printing this email**
*This email and any files transmitted with it are considered confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error, or if you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited. This message contains confidential information and is intended only for the individual named.*

**From:** Gregory Edward Gray <gegcbg@outlook.com>
**Sent:** Wednesday, September 20, 2023 10:48 AM
**To:** Theresa Matheson <TheresaM@weingart.org>
**Cc:** Monica Quezada <monicaq@weingart.org>; Sheryl Ysaquirre <sheryly@weingart.org>
**Subject:** RE: FOLLOW UP RE HMIS REPORTING ERRORS NEW PHYSICIAN LETTER ET AL

**CAUTION: EXTERNAL EMAIL**

9/20/23

Dear Ms. Matheson (Theresa):

     Please find attached the most recent physician's letter dated 9/8/23 detailing my medical challenges and reiterating the invitation to anyone receiving the letter to contact my doctor for any questions. This is the fifth physician's letter for which I have provided you a copy. Each letter invites the reader to contact my doctor for any questions.

     I have also included copies of the two HMIS reports that you sent me; the first on 9/5/23 and the second on 9/7/23. As for the latter report, nothing in the HMIS was amended, despite my email to you dated 9/7/23 noting the remarkable inaccuracies I found and making a written request to you to correct those inaccuracies.

     I shared the uncorrected HMIS report with my physician and, as you'll note, my doctor has addressed the misinformation disseminated in your HMIS notes regarding all matters pertaining to my medical status. I have addressed your remaining inaccuracies in my email dated 9/7/23, a copy of which I have attached.

     I have also attached a copy of my physician's letter dated 7/10/23. You should know that HACLA received the same letter. My expectation is that the letter was to be shared with the appropriate parties, including TransSystems. Clearly, it was not.

     As to your email dated 9/19/23, a copy of which is attached, there is nothing contained therein to address the inaccurate notes that you made in my HMIS report. Correcting these inaccuracies is the only way that you can assist me at this point. To allow those inaccuracies to remain in the HMIS report which, as I understand it, is currently shared with other housing agencies, is to perpetuate untruths for which you have been provided irrefutable documentation.

     As you know, your failure to correct these inaccuracies only serves to perpetuate the myth that I am refusing services when, in truth, I have provided medical documentation that confirms my health challenges and recommendations from my physicians to avoid stressors that compromise my health and could lead to my demise. Again, quoting my physician:

He currently has multiple medical problems which includes vertigo, hypercholesterolemia, hypertension, insulin- dependent diabetes, a history of multiple strokes with residual left sided weakness , foot drop requiring a walker and memory problems. His last clinic visit was 8/15/2023 and at that time he was still in interim housing. Given the complexity of his medical problems, his disabilities (memory, ambulation), and diabetes care requirements (insulin which requires personal fridge), housing to facilitate his care, to prevent adverse outcomes (recurrent stroke, heart attack, or demise) and hospitalizations, appropriate housing is essential for Mr. Gray and his caretakers.

I trust that you will respond to my request to amend and correct the HMIS notations you have made so that the record accurately reflects what has transpired to date.

Sincerely,

Gregory Edward Gray