UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY EDWARD GRAY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HOUSING AUTHORITY OF THE CITY OF LOS ANGELES,<br><br>　　　　Defendant. | Case No. 2:23-cv-05224-DOC-KES<br><br>REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

This Report and Recommendation ("R&R") is submitted to the Honorable David O. Carter, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I.

## BACKGROUND

On June 30, 2023, Plaintiff Gregory Edward Gray filed a complaint against Defendant Housing Authority of the City of Los Angeles ("Defendant" or "HACLA"). (Dkt. 1.) The lengthy complaint addressed events that occurred

between January 2022 and June 2023.  (Id. at 4.)  Plaintiff alleged that HACLA had not renewed his emergency housing voucher ("EHV") and it was set to expire on July 2, 2023.  (Id. at 5.)

On October 4, 2023, Defendants moved to dismiss the complaint, arguing that Plaintiff's claims failed to state a claim or were moot because Plaintiff's EHV had been extended to January 2024.  (Dkt. 17-1.)  On October 5, 2023, the Magistrate Judge issued a minute order explaining Plaintiff's options for responding to the motion, including the option to "file a Notice of Voluntary Dismissal if he agrees that his dispute with HACLA has been resolved."  (Dkt. 18 at 2.)  The Magistrate Judge further explained, "Such a voluntary dismissal would be without prejudice to Plaintiff filing *a new lawsuit* if new events were to prompt a similar, future dispute with HACLA."  (Id.) (emphasis added).  In response, on October 26, 2023, Plaintiff voluntarily dismissed the action without prejudice.  (Dkt. 19.)

On December 21, 2023, Plaintiff moved to reopen the case under Federal Rule of Civil Procedure 60(b).  (Dkt. 20.)  He contends that after the voluntary dismissal, "new events" involving HACLA occurred.  (Id. at 2.)  Plaintiff learned that HACLA was engaging in unauthorized communications with another agency, the Weingart Center, which manages the interim housing program of which Plaintiff is a client.  (Id. at 2-3.)  He seeks an emergency temporary restraining order ("TRO") to prevent HACLA from sharing information about him, as well as to prevent the Weingart Center from forcing him to enter an assisted nursing facility or to exit his interim housing.  (Id. at 8-9.)

The District Judge referred the motion to the undersigned for an R&R.  (Dkt. 21.)[1]  For the reasons explained below, the motion should be denied.

---

[1] Defendants filed a notice indicating that they oppose the motion but will "defer submitting formal opposition" until after they review the R&R. (Dkt. 22.)

## II.
## LEGAL STANDARD

Under Rule 60(b), a district court may relieve a party from a final judgment, order, or proceeding if the party can show: (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, (4) that the judgment is void, (5) that the judgment has been satisfied, or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b); see generally Buck v. Davis, 580 U.S. 100, 123 (2017) (noting that relief under subsection (b)(6) is available "only in 'extraordinary circumstances'"). The moving party bears the burden of demonstrating that relief under Rule 60(b) is appropriate. Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988).

## III.
## DISCUSSION

Plaintiff's motion seeks relief under subsections (1), (2), and (3) of Rule 60(b), based on mistake, new evidence, or fraud. (Dkt. 20 at 2.) However, nothing in the motion meets those criteria. There are no allegations of mistake or fraud.

To the extent Plaintiff is relying on new evidence, the motion does not offer new evidence to support Plaintiff's *prior* claims. Rather, it raises *new* claims based on events that happened *after* Plaintiff voluntarily dismissed this action. His June 2023 complaint alleged that his EHV was improperly set to expire in July 2023 due to alleged malfeasance by HACLA, and the complaint sought "full restoration of time in the amount of 365 days for an" EHV, as well as "to halt the current expiration date of said voucher which is July 2, 2023." (Dkt. 1 at 5; see also id. at 7-12 (describing communications between Plaintiff and housing authorities between January and June of 2023).) His current motion, in contrast, alleges that after he voluntarily dismissed this action, Weingart Center staff began planning to transfer him to an assisted living facility due to inaccurate and/or confidential medical information, which they allegedly received from HACLA. (See Dkt. 20 at

3

11-15; id. at 30-31 (attaching emails between Plaintiff and Weingart Center staff between November and December 2023).) The current motion does not contend that Plaintiff's EHV is expiring—Plaintiff admits that he "has a valid [EHV] issued by HACLA" (id. at 11)—but instead asks for an order prohibiting the Weingart Center from transferring him on medical grounds. (See id. at 16 (request for relief).)

Evidence of new events that happened after the action was dismissed, giving rise to new claims that did not exist when the original complaint was filed, are not the type of evidence that would justify granting relief from the prior dismissal. Nothing about that dismissal prevents Plaintiff from filing a new action raising these new claims.

Even if the Court reopened this case, granting Plaintiff a TRO would not be appropriate. To grant such relief, the Court must find that there is "a sufficient nexus between the claims raised in [the] motion for injunctive relief and the claims set forth in the underlying complaint itself," such that the "injunction would grant 'relief of the same character as that which may be granted finally.'" Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015). The existing complaint has no allegations against HACLA for sharing Plaintiff's medical information without authorization. The complaint has no claims against the Weingart Center, which was not named as a defendant and was never served.

## IV.
## RECOMMENDATION

IT IS THEREFORE RECOMMENDED that the District Court issue an Order: (1) approving and accepting this R&R, and (2) denying Plaintiff's motion (Dkt. 20).

DATED: January 24, 2024

*Karen E. Scott*

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals but are subject to the right of any party to timely file objections as provided in the Federal Rules of Civil Procedure and the instructions attached to this Report. This Report and any objections will be reviewed by the District Judge whose initials appear in the case docket number.